IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIERRA CLUB, | Civil Action No. 11-01278-PLF |
| Plaintiff, | |
| v. | |
| LISA P. JACKSON, Administrator, U.S. Environmental Protection Agency, | |
| Defendant. | |

**EPA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 15, 2011, Plaintiff Sierra Club filed this action seeking review under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, of a final action by the United States Environmental Protection Agency ("EPA") delaying the effective date of two final rules: "Industrial, Commercial, and Institutional Boilers and Process Heaters and Commercial and Industrial Solid Waste Incineration Units:  Final rules; Delay of effective dates," 76 Fed. Reg. 28,662 (May 18, 2011) ("Delay Notice").  This case should be dismissed, however, because review of the Delay Notice lies in the exclusive jurisdiction of the United States Court of Appeals for the D.C. Circuit.

The two rules to which the Delay Notice applies are referred to as the "Boilers Rule" and the "CISWI Rule"). *See id*. at 15,608, 15,704 (Mar. 21, 2011).  These Rules were signed by the Administrator of EPA on February 21, 2011, pursuant to the order issued on January 21, 2011, by this Court in *Sierra Club v. Jackson*, Civil Action No. 01-01537 (and consolidated cases).

EPA issued the Delay Notice pursuant to 5 U.S.C. § 705, which provides that "[w]hen an agency finds that justice so requires, it may postpone the effective date of action taken by it,

pending judicial review." *See also* 76 Fed. Reg. at 28,662.  Before the Delay Notice was issued, numerous parties, including Sierra Club, had petitioned the D.C. Circuit for judicial review of both the Boilers and CISWI Rules pursuant to section 307(b)(1) of the Clean Air Act ("CAA"), 42 U.S.C. § 7607(b)(1), which gives the D.C. Circuit exclusive jurisdiction to review both Rules. *United States Sugar Corp. v. EPA*, Case No. 11-1108 and consolidated cases (D.C. Cir.) ("Boilers Rule"); *American Forest & Paper Ass'n v. EPA*, Case. No. 11-1125 and consolidated cases (D.C. Cir.) ("CISWI Rule").

Because the Delay Notice is not an independent, discrete action, but is an outgrowth of the Boilers and CISWI rulemakings, review of the Delay Notice is within the jurisdiction of the D.C. Circuit, rather than that of this Court.  Sierra Club filed a timely petition for review of the Delay Notice in the D.C. Circuit on the same day that it filed this action.  *Sierra Club v. EPA*, Case No. 11-1263 (July 15, 2011) (D.C. Cir.).  Attachment 1.  The complaint filed in this Court should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Sierra Club may only seek the relief it requests here through its pending action in the D.C. Circuit.

## BACKGROUND

A.  **Statutory Background**

   1.  **Administrative Procedure Act**

The APA, 5 U.S.C. § 705, entitled "Relief pending review," provides: "When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review." This section also provides that the court with jurisdiction to review a particular final action by an agency "may issue all necessary and appropriate process to postpone the

effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings."

### 2. Clean Air Act

Section 307(b)(1) of the CAA, 42 U.S.C. § 7607(b)(1), confers on the D.C. Circuit exclusive jurisdiction to review emission standards promulgated by EPA pursuant to CAA section 112, *id*. § 7412, and section 129, *id*. § 7429. Because the Boilers and CISWI Rules were promulgated pursuant to CAA section 112 and section 129, *see* 76 Fed. Reg. at 15,608, 15,704, the Rules are subject to judicial review only in the D.C. Circuit.

### B. Administrative Background

When EPA promulgated the Boilers and CISWI Rules, the Agency established an effective date of May 20, 2011, for each Rule. 76 Fed. Reg. at 15,608, 15,704. On the same day that EPA published these Rules, March 21, 2011, EPA also published a notice that it was initiating a reconsideration process for certain aspects of both Rules to allow for additional public review and comment and for EPA to further consider the data and comments previously received to evaluate whether modification of the Rules is appropriate. *Id*. at 15,266-67.

The Agency issued the Delay Notice on May 18, 2011. 76 Fed. Reg. at 28,662. EPA explained that a number of petitions for judicial review of the Rules had been filed in the D.C. Circuit and that it had also received numerous administrative petitions for reconsideration of the Boilers and CISWI Rules. The Agency determined that, consistent with section 705 of the APA, a postponement of the effective date was warranted because litigation was pending; the Rules had not gone into effect; and justice required the postponement. Therefore, the Agency postponed the effective dates for both Rules "until the proceedings for judicial review of these

rules are completed or the EPA completes its reconsideration of the rules, whichever is earlier." *Id*.

EPA's finding that justice required the postponement of the effective date was based on several factors. *Id*. The Agency had identified several changes made between the proposed and final rules that the public had not had a sufficient opportunity to comment on. In addition, because of the court-ordered deadline for signature of the Rules, the Agency had not been able to incorporate into the final rules all the data and other information that had been received. Finally, EPA noted that thousands of facilities in many different industries soon would have to begin making substantial investments in order to comply with the standards set by the Rules. Much of this investment could be lost if the Rules were revised after reconsideration. *Id*.

**C.     Petitions for Review**

The D.C. Circuit has consolidated all petitions for review of the Boilers Rule into one proceeding, *United States Sugar Corp. v. EPA*, Case No. 11-1108 (D.C. Cir.) and consolidated all petitions for review of the CISWI Rule into another proceeding, *American Forest & Paper Ass'n v. EPA*, Case No. 11-1125 (D.C. Cir.). In both cases, EPA moved to hold the litigation in abeyance pending EPA's completion of the ongoing proceedings for reconsideration. In those motions, EPA stated that the Agency expects to sign proposed reconsideration rules by October 31, 2010, and to sign final rules by April 30, 2012. Attachment 2. The D.C. Circuit has issued an order holding the Boilers Rule proceeding in abeyance pending EPA's completion of the ongoing reconsideration process. That court is considering a similar motion in the CISWI Rule proceeding.

**STANDARD OF REVIEW**

Plaintiffs bear the burden of demonstrating the Court's subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the Court should inquire whether the Complaint sets forth factual allegations sufficient to establish that it has jurisdiction over the subject matter of the claims for relief. The factual allegations in the complaint must be presumed true, and plaintiff must be given every favorable inference that may be drawn from the allegations of fact. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). If subject matter jurisdiction does not exist, "'the court cannot proceed at all in any cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).

**ARGUMENT**

**I.      REVIEW OF THE DELAY NOTICE IS WITHIN THE ANCILLARY JURISDICTION OF THE D.C. CIRCUIT**

Sierra Club has presented the same challenge to the Delay Notice in both this Court and the D.C. Circuit. "[I]t is well settled that bifurcated jurisdiction between District Court and Court of Appeals over identical litigation is not favored." *Oljato Chapter of Navajo Tribe v. Train*, 515 F.2d 654, 660 (D.C. Cir. 1975) (citing *Foti v. INS*, 375 U.S. 217 (1963)). Jurisdiction in the courts of appeals is favored for administrative appeals.

> [I]t frequently has been noted that, in administrative appeals, where it is unclear whether review jurisdiction is in the district court or the court of appeals the ambiguity is resolved in favor of the latter. A principal reason for this guideline is that exclusive jurisdiction in the court of appeals avoids duplicative review and the attendant delay and expense involved.

*General Elec. Uranium Management Corp. v. U.S. Dep't of Energy*, 764 F.2d 896, 903 (D.C. 1985) (internal quotations omitted).

As a general matter, the federal district courts have jurisdiction over APA claims under the "federal question" provision. 28 U.S.C. § 1331. Federal question jurisdiction, however, is barred where Congress has established a statutory review proceeding for a particular issue. *Telecomms. Research & Action Ctr. v. FCC,* 750 F.2d 70, 77 (D.C. Cir.1984) ("*TRAC*") ("a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute."). In section 307(b)(1) of the CAA, Congress established a statutory review proceeding for emission standards promulgated under CAA section 112 and 129, such as the Boilers and CISWI Rules, giving the D.C. Circuit exclusive jurisdiction to review these standards. 42 U.S.C. § 7607(b)(1). The D.C. Circuit has recognized that it can invoke ancillary jurisdiction to hear issues that are related to agency action subject by statute to its exclusive jurisdiction. *See American Iron and Steel Inst. v. EPA*, 115 F.3d 979, 986 (D.C. Cir. 1997) ("'questions ancillary to, or growing out of, the main action . . . may be taken cognizance of by the court and determined, since such jurisdiction is in aid of its authority over the principal matter.'") (citation omitted).[1] *See also Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 742-43 (1985) ("In the absence of specific evidence of contrary congressional intent, however, we have held that review of orders resolving issues preliminary or ancillary to the core issue in a proceeding should be reviewed in the same forum as the final order resolving the core issue."). Thus, the fact that the Delay Notice was issued under the APA, rather than the Clean

---

[1] The Supreme Court has described ancillary jurisdiction as a doctrine "which recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. at 378. The Court has recognized the application of ancillary jurisdiction "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80.

Air Act, *see* 76 Fed. Reg. at 28,662, does not place the Stay outside the scope of the D.C. Circuit's jurisdiction.[2]

Applying the terms used in *American Iron and Steel Institute*, the "main action" here is plainly the issuance of the Boilers and CISWI Rules. The Delay Notice simply postpones the effective date of those Rules, thereby preserving the status quo until either the D.C. Circuit resolves the pending petitions for review or EPA completes its ongoing reconsideration process. The Delay Notice is only a procedural step in the administrative proceedings to establish and implement the Boilers and CISWI Rules. As such, the Delay Notice clearly "grow[s] out of," the Boilers and CISWI Rules and so is properly within the D.C. Circuit's ancillary jurisdiction. In fact, in *American Iron and Steel Institute*, the court asserted ancillary jurisdiction even over claims that it recognized were outside the scope of the statutory judicial review provision at issue based on the fact that "most of the case" was within the court's statutory jurisdiction. 115 F.3d at 986.

This Court should defer to the D.C. Circuit's ancillary jurisdiction, instead of accepting Sierra Club's invitation to proceed under federal question jurisdiction. Such deference is particularly appropriate here because judicial review of the Delay Notice could involve at least some consideration of substantive issues in the Boiler and CISWI rulemakings that are within the exclusive jurisdiction of the D.C. Circuit.[3] EPA's reasons for concluding that justice required a

---

[2] Not only is there no specific Congressional intent that a challenge to a delay of the effective date of a rule under the APA be heard in district court, the language of section 705 in fact suggests that Congress intended the court reviewing the rule at issue to have jurisdiction over such a challenge. *See infra* 8-9.

[3] Moreover, the question of whether or not the Rules are stayed may well impact procedural matters in the D.C. Circuit petitions. If the Stay is vacated, as Sierra Club requests, the parties facing compliance deadlines could change positions on the motion to hold the petitions in abeyance or take other actions to expedite consideration of their petitions.

delay in the effective dates of the Rules – concerns pertaining to the need for additional public comment and for the incorporation of additional data into the Rules – are premised on possible deficiencies in the underlying rulemaking processes.  To rule on Sierra Club's claim that the Delay Notice is arbitrary and capricious, the Court will have to consider the validity of EPA's concerns, which in turn could require the Court to address substantive issues that are properly within the D.C. Circuit's exclusive jurisdiction.

By requiring Sierra Club to pursue its pending petition to the D.C. Circuit for review of the Delay Notice, this Court will avoid intrusion into the D.C. Circuit's area of exclusive jurisdiction.  That court has the jurisdiction to address all the claims raised by Sierra Club pertaining to the Delay Notice and is best suited to manage litigation of the Delay Notice to ensure that there is no disruption in the proceedings for review of the Rules and no duplication of judicial review.  *See Florida Power and Light*, 470 U.S. at 744.  Thus, consistent with the principles of *Kokkonen* and *American Iron and Steel Institute*, the Court should recognize that judicial review of the Delay Notice is within the D.C. Circuit's ancillary jurisdiction and dismiss the Complaint.  *See also TRAC,* 750 F.2d at 77-78 (jurisdiction of court of appeals is exclusive).

II. **THE LANGUAGE OF SECTION 705 SUPPORTS THE CONCLUSION THAT REVIEW OF THE DELAY NOTICE PROPERLY BELONGS IN THE D.C. CIRCUIT**

Where Congress has not "unambiguously prescribed the court in which any given agency action would be reviewable . . . courts must infer Congress' jurisdictional choices in those cases not plainly governed by statutory language or history." *City of Rochester v. Bond*, 603 F.2d 927, 937 (D.C. Cir. 1979) ("we think that all issues concerning the lawfulness of an order subject to statutory review must be raised within the statutory proceeding if that remedy is otherwise adequate.").  Although section 705 authorizes the agencies to postpone the effective date of a


rule pending judicial review, the statute does not specify which court should review such an action. The second sentence of section 705, however, authorizes the court with jurisdiction to review the rule to postpone the effective date of the rule. This sentence shows that Congress intended that the court charged with reviewing the rule would also hear claims pertaining to the postponement of the effective date, since it is unlikely that Congress would have authorized one court to postpone the effective date of a rule while granting jurisdiction to a different court to review claims relating to such postponements. The D.C. Circuit has recognized section 705 as one of the statutory sources of its authority "to stay agency orders pending review in this court." *In re GTE Service Corp.*, 762 F.2d 1024, 1026 (D.C. Cir. 1985) (citing 5 U.S.C. § 705; 28 U.S.C. § 2349(b); Fed. R. App. P. 18).[4]

Thus, if EPA had denied a request to postpone the effective date of the Boilers and CISWI Rules, an aggrieved party would have properly looked to the D.C. Circuit, the court reviewing those Rules, and not to this Court, for relief. There is no reason to expect that Congress intended review of an agency's postponement of the effective date would be heard in a court different than that authorized to act where the agency has rejected a request for a postponement. *See Florida Power and Light*, 470 U.S. at 745 ("Absent a firm indication that Congress intended to locate initial APA review of agency action in the district courts, we will not presume that congress intended to depart from the sound policy of placing initial APA review in the courts of appeals."). Absent clear evidence of Congressional intent, the question of whether an agency says yes or no with respect to postponing the effective date of a rule is not a viable basis for dividing jurisdiction between different courts.

---

[4] Under Fed. R. App. P. 18, in most instances, a party must seek relief from the agency before applying to the D.C. Circuit for a stay of the effective date of a rule.

## CONCLUSION

For these reasons, the complaint should be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

    Respectfully submitted,

    IGNACIA S. MORENO
    Assistant Attorney General
    Environment and Natural
     Resources Division

    /s/ EILEEN T. McDONOUGH
    Environmental Defense Section
    U.S. Department of Justice
    P.O. Box 23986
    Washington, D.C. 20026-3986
    (202) 514-3126

Of Counsel:

Susmita Dubey
Air and Radiation Law Office
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

# ATTACHMENT 1

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| SIERRA CLUB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | 11-1263 |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY and | ) | |
| LISA P. JACKSON, Administrator, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## PETITION FOR REVIEW

Petitioner Sierra Club hereby petitions the Court for review of the final action taken by respondents at 76 Fed. Reg. 28,662 (May 18, 2011) and entitled "Industrial, Commercial, and Institutional Boilers and Process Heaters and Commercial and Industrial Solid Waste Incineration Units: Final rules; Delay of effective dates."

Dated: July 15, 2011

Respectfully submitted,

/s/ James S. Pew
James S. Pew
(D.C. Bar # 448830)
Earthjustice
1625 Massachusetts Avenue, NW
Suite 702
Washington, D.C. 20036
Phone: (202) 667-4500
Fax: (202) 667-2356
Email: jpew@earthjustice.org
*Counsel for Sierra Club*

Sanjay Narayan (by JSP)
Sanjay Narayan
(CA Bar # 183227 )
Sierra Club Environmental Law Program
85 Second Street, 2nd Floor
San Francisco, CA 94105
Phone: (415) 977-5769
Fax: (415) 977-5783
Email: Sanjay.narayan@sierraclub.org
*Counsel for Sierra Club*

# ATTACHMENT 2

ORAL ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                                )
UNITED STATES SUGAR                )
CORPORATION,                            )
                                                )
          Petitioner                        )
                                                )
     v.                                         )   Docket No. 11-1108
                                                )   (and consolidated cases)
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY, et al.,        )
                                                )
          Respondents.                  )
_____)

**RESPONDENTS' MOTION TO HOLD CASE
IN ABEYANCE**

Respondents United States Environmental Protection Agency and Lisa P. Jackson, Administrator, (collectively "EPA") hereby move to hold this case in abeyance until EPA completes the pending process for reconsideration of the rule under review. The undersigned counsel has attempted to contact counsel for the parties to determine if they intend to oppose this motion. Counsel for Julander Energy has indicated that it intends to oppose the motion. Counsel for Sierra Club has indicated that it intends to file a response. Counsel for all other parties have either not provided their position, stated that they take no position, stated that they

do not oppose the motion while reserving their right to subsequently move the court to lift the abeyance to, inter alia, file procedural and dispositive motions such as a motion for a judicial stay.

The consolidated petitions in this case seek review of an EPA rule titled "National Emission Standards for Hazardous Air Pollutants for Major Sources: Industrial, Commercial, and Institutional Boilers and Process Heaters," published at 76 Fed. Reg. 15,608 (March 21, 2011). Simultaneously with promulgation of the rule EPA announced that it would be proposing to reconsider aspects of the final rule. 76 Fed. Reg. 15,267 (March 21, 2011). EPA also received a number of administrative petitions for reconsideration of the final rule. On May 18, 2011, EPA extended the effective date of the rule until the earlier of the date on which the Agency's reconsideration process is completed or the petitions for judicial review are concluded. 76 Fed. Reg. 28,662 (May 18, 2011).

Thus, EPA is currently conducting its own self-initiated process of reconsideration. In addition, EPA is reviewing the submitted administrative petitions to determine whether administrative action may be required for additional provisions of the rule pursuant to 42 U.S.C. § 7607(d)(7)(B). EPA intends to complete the reconsideration process expeditiously. Specifically, EPA intends to sign a proposed rule by October 31, 2011, and to sign a final rule by April 30, 2012. If EPA denies the reconsideration petitions, petitions for judicial review of

those denials may be filed with this Court, and consolidation of such petitions with the instant litigation may be warranted.

The issues raised in both EPA's review and the administrative petitions overlap with the issues EPA anticipates will be raised in this litigation. Given EPA's ongoing review, with the concomitant possibility that the rule might be altered once the review is complete, EPA believes it appropriate to hold this litigation in abeyance while EPA completes its reconsideration process and its review of the administrative petitions for reconsideration. This Court has long recognized that it is appropriate to hold judicial review proceedings in abeyance where the agency has undertaken to reconsider the action under review. See B.J. Alan Co., Inc. v. ICC, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) ("[a]dministrative reconsideration is a more expeditious and efficient means of achieving adjustment of agency policy than is resort to the federal courts," quoting Commonwealth of Pennsylvania v. ICC, 590 F.2d 1187, 1194 (D.C. Cir. 1978)). To do otherwise risks wasting judicial resources in reviewing an agency decision that may be altered or reversed.

If the Court grants this motion, EPA will notify the Court of the result of its reconsideration process and of its determination to grant or deny the administrative petitions for reconsideration. If EPA denies the petitions and additional petitions for judicial review of those decisions are filed with this Court, EPA will

3

recommend to the Court whether consolidation of such petitions with the instant litigation is appropriate.

          Respectfully submitted,

          IGNACIA S. MORENO
          Assistant Attorney General

          /S/ Norman L. Rave, Jr.
          NORMAN L. RAVE, JR.
          MADELINE FLEISHER
          Environmental Defense Section
          Environment & Natural Resources Division
          United States Department of Justice
          P.O. Box 23986
          Washington, D.C. 20026-3986
          (202) 616-7568
          Counsel for Respondents

July 8, 2011