UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
SIERRA CLUB,                            )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civil Action No. 11-1278 (PLF)
                                        )
LISA P. JACKSON, Administrator,         )
U.S. Environmental Protection Agency,   )
                                        )
        Defendant.                      )
_____)


OPINION AND ORDER

        In Sierra Club v. Jackson, Civil Action No. 01-1537, 2011 WL 181097

(D.D.C. Jan. 20, 2011), this Court ordered the Environmental Protection Agency to promulgate

long-overdue emission standards under the Clean Air Act by February 21, 2011.  See Sierra Club

v. Jackson, 2011 WL 181097, at *14.  In accordance with that order, EPA signed two final rules

regulating hazardous air pollutants on February 21, 2011.  But then, two days before those rules

were to go into effect, EPA imposed an administrative stay on their effective date.

        On July 14, 2011, Sierra Club filed a complaint in this Court seeking judicial

review of that administrative stay.  This matter now is before the Court on EPA's motion to

dismiss Sierra Club's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the

Federal Rules of Civil Procedure.  Upon consideration of the parties' papers, the oral arguments

presented by counsel on September 8, 2011, the relevant legal authorities, and the entire record in

this case, the Court will deny EPA's motion to dismiss.[1]

_____

        [1]        The papers reviewed in connection with the pending motion include:
the plaintiff's complaint ("Compl.") [Dkt. No. 1]; the defendant's motion to dismiss for lack of
subject matter jurisdiction ("Mot.") [Dkt. No. 12]; the response of intervenors in support of
defendant's motion to dismiss for lack of subject matter jurisdiction ("Intervenors' Response")

## I.  BACKGROUND

This case arises from seven related cases, consolidated under Civil Action No. 01-1537, that were filed in 2001 before this Court.  The 2001 proceedings concerned the EPA's failure to discharge fully its duty under the 1990 Clean Air Act amendments to promulgate regulations governing the discharge of certain hazardous air pollutants.  See Sierra Club v. Jackson, 2011 WL 181097, at *1; Sierra Club v. Johnson, 444 F. Supp. 2d 46, 47 (D.D.C. 2006).

As the Court previously has discussed, Section 112(c)(6) of the Clean Air Act requires that EPA regulate the sources of especially dangerous hazardous air pollutants by assuring that sources accounting for 90% of those pollutants are subject to protective emission standards.  See 42 U.S.C. § 7412(c)(6); see also Sierra Club v. Jackson, 2011 WL 181097, at *2. By statute, EPA was to have promulgated its Section 112(c)(6) emission standards, among others, by November 15, 2000.  42 U.S.C. § 7412(c)(6).

EPA failed to comply with that statutory deadline.  See Sierra Club v. Jackson, 2011 WL 181097, at *3.  Consequently, in 2001, Sierra Club filed seven different complaints against EPA before this Court, each seeking relief for EPA's failure to discharge a different aspect of its regulatory duties under the Clean Air Act.  Id.

---

[Dkt. No. 19]; the plaintiff's opposition to the defendant's motion to dismiss ("Opp.") [Dkt. No. 22]; the reply of intervenors to plaintiff's opposition to defendant's motion to dismiss ("Intervenors' Reply") [Dkt. No. 24]; the plaintiff's reply to intervenors' response in support of defendant's motion to dismiss for lack of subject matter jurisdiction ("Pl. Reply to Intervenors' Response") [Dkt. No. 26]; and the defendant's reply in support of its motion to dismiss for lack of subject matter jurisdiction ("Reply") [Dkt. No. 27].

On March 31, 2006, the Court issued an Order in the consolidated cases requiring that EPA promulgate emission standards under the Clean Air Act on a prescribed schedule.  See Sierra Club v. Jackson, 2011 WL 181097, at *3-4.  After the Court granted a number of EPA's unopposed requests for extensions, ultimately EPA was required to comply with its Section 112(c)(6) obligations by January 16, 2011.  See id.  In December 2010, however, EPA moved for an extension of that deadline to April 13, 2012.  Id. at *5.  The Court denied that request and ordered that EPA promulgate the required emission standards by February 21, 2011. See id. at *14.

In accordance with that order, on February 21, 2011, EPA signed two rules regulating emission standards: (1) the "Boiler Rule," defined by EPA as a rule "to regulate emissions of hazardous air pollutants . . . from industrial, commercial, and institutional boilers and process heaters located at major sources of [hazardous air pollutant] emissions"; and (2) the "CISWI Rule," defined by EPA as a rule to "regulate emissions of certain air pollutants from commercial and industrial solid waste incineration units."  76 FED. REG. 28,662, at 28,663 (May 18, 2011).  One month later, on March 21, 2011, EPA published these two rules in the Federal Register and established an effective date for both rules of May 20, 2011.  See id.  Also on March 21, 2011, EPA announced that it was initiating an administrative reconsideration process with respect to certain aspects of both rules, see id., a procedure provided for under the Clean Air Act.  See 42 U.S.C. 7607(d)(7)(B).

Shortly thereafter, multiple parties, including Sierra Club, filed petitions for review of the Boiler Rule and the CISWI Rule in the United States Court of Appeals for the District of Columbia Circuit.  The court of appeals consolidated 16 petitions for review of the

Boiler Rule into one proceeding, U.S. Sugar Corp v. EPA, No. 11-1108, and consolidated

17 petitions for review of the CISWI Rule into another proceeding, American Forest & Paper

Ass'n v. EPA, No. 11-1125.  Those petitions for review present substantive challenges to the

legal sufficiency of the Boiler Rule and the CISWI Rule under the Clean Air Act, a matter that

both Sierra Club and EPA agree is reserved for the exclusive jurisdiction of the court of appeals.

See 42 U.S.C. § 7607(b)(1); see also Sierra Club v. Johnson, 444 F. Supp. 2d at 60.

While those petitions for review were pending in the court of appeals, on

May 18, 2011, two days before the Boiler Rule and the CISWI Rule were to go into effect, EPA

issued a notice, referred to by the agency as the "Delay Notice," staying the effective date of both

rules "until the proceedings for judicial review of these rules [in the court of appeals] are

complete or the EPA completes its reconsideration of the rules, whichever is earlier."  76 FED.

REG. at 28,664.  In the Delay Notice, EPA made explicit that it was staying the effective date of

these two rules "pursuant to the APA [that is, the Administrative Procedure Act], rather than . . .

the Clean Air Act."  Id. at 28,663.  Specifically, EPA stated that it was acting pursuant to its

authority under 5 U.S.C. § 705 of the APA, rather than 42 U.S.C. § 7607(d)(7)(B) of the Clean

Air Act.  Id.

Sierra Club filed this lawsuit on July 14, 2011 to challenge the validity of EPA's

Delay Notice.  See generally Compl.  In its complaint, Sierra Club asserts that it has a cause of

action against EPA under the APA, and that this Court has jurisdiction to review the Delay

Notice under the federal question statute, 28 U.S.C. § 1331.  Compl. ¶ 8.  Sierra Club then

contends that the Delay Notice is unlawful for three independent reasons: (1) EPA failed to

provide notice or an opportunity for comment before issuing the Delay Notice, id. ¶¶ 33-36;

4

(2) EPA lacked the authority to issue the Delay Notice, id. ¶¶ 37-43; and (3) EPA failed to

provide adequate justification for the issuance of the Delay Notice.  Id. ¶¶ 44-47.[2]  In its request

for relief, Sierra Club asks that the Court declare the Delay Notice unlawful and that the Court

vacate it.  Id. at 10.

On August 11, 2011, EPA filed a motion to dismiss Sierra Club's complaint for

lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Sierra Club filed an opposition, and EPA replied.[3]  The Court heard oral argument on

September 8, 2011.  This matter now is ripe for decision.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with the ability to hear only the

cases entrusted to them by a grant of power contained in either the Constitution or in an act of

Congress.  See, e.g., Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir.

---

[2]      On July 15, 2011, Sierra Club filed a petition for review of the Delay Notice in the court of appeals, raising the same three claims.  See Sierra Club v. Jackson, No. 11-1263 (D.C. Circuit, filed July 15, 2011).  Sierra Club has represented to this Court that it filed that petition for review in the court of appeals because it anticipated EPA's jurisdictional arguments here and wanted to protect itself in case this Court were to decide that it lacked subject matter jurisdiction to review the Delay Notice.  See Opp. at 5-6.  After it filed its petition for review, Sierra Club filed an unopposed motion to hold in abeyance the proceedings on the Delay Notice in the court of appeals pending this Court's resolution of EPA's motion to dismiss (as well as the parties' cross motions for summary judgment).  The court of appeals granted Sierra Club's motion on August 30, 2011, holding the Delay Notice proceedings in abeyance pending further order of that court.

[3]      On August 17, 2011, the Court granted the motion of the Coalition for Clean Air Implementation ("Intervenors") for leave to intervene as a defendant under Rule 24(b) of the Federal Rules of Civil Procedure.  See Order at 1, Aug. 17, 2011.  Intervenors have filed two briefs in support of EPA's motion to dismiss and participated in the oral argument.  See generally Intervenors' Response; Intervenors' Reply.

2005); Hunter v. District of Columbia, 384 F. Supp. 2d 257, 259 (D.D.C. 2005).  On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction.  See Brady Campaign to Prevent Gun Violence United with the Million Mom March v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004).  In determining whether to grant a motion to dismiss for lack of subject matter jurisdiction, the Court must construe the complaint in the plaintiff's favor and treat all well-pled allegations of fact as true.  See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005).  The Court need not accept unsupported inferences or legal conclusions cast as factual allegations.  See Primax Recoveries, Inc. v. Lee, 260 F. Supp. 2d 43, 47 (D.D.C. 2003).  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court may dispose of the motion on the basis of the complaint alone, or it may consider materials beyond the pleadings "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case."  Scolaro v. D.C. Board of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see Lopez v. Council on American-Islamic Relations Action Network, Inc., 741 F. Supp. 2d 222, 231 (D.D.C. 2010).

### III.  THE ADMINISTRATIVE PROCEDURE ACT AND THE CLEAN AIR ACT

In issuing the Delay Notice, EPA made explicit that it was acting under the APA, 5 U.S.C. § 705, rather than the Clean Air Act, 42 U.S.C. § 7607(d)(7)(B).  76 FED. REG. at 28,663-64.  As EPA stated in the Delay Notice, 5 U.S.C. § 705 provides that "[w]hen an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review."  5 U.S.C. § 705; see 76 FED. REG. at 28,663.  By contrast, the authority to stay a rule under the Clean Air Act is more limited, providing that a rule issued under the

6

Clean Air Act may be stayed by the EPA (or a court) during administrative reconsideration of that rule "for a period not to exceed three months."  42 U.S.C. § 7607(d)(7)(B); see 76 FED. REG. at 28,663.

> As EPA set forth in the Delay Notice, the agency concluded that it had
>
> the discretion to decide whether it is appropriate to delay the effective date of a rule under either provision [that is, 5 U.S.C. § 705 or 42 U.S.C. § 7607(d)(7)(B)], based on the specific facts and circumstances before the Agency.  Since petitions for judicial review of both the [Boiler Rule] and the CIWSI Rule have been filed, and . . . justice requires a delay of the effective dates, it is reasonable for the EPA to exercise its authority to delay the effective dates of the [Boiler Rule] and the CISWI Rule under the APA for a period that exceeds three months.

76 FED. REG. at 28,663-64.  Specifically, EPA delayed the effective date of both rules "until the proceedings for judicial review of these rules are complete or the EPA completes its reconsideration of the rules, whichever is earlier."  Id. at 28,664.

Because EPA, by its own admission, acted under the APA in issuing the Delay Notice, Sierra Club asserts that this Court has jurisdiction to review this case under the federal question statute, 28 U.S.C. § 1331.  Compl. ¶ 8.  Although EPA disagrees with Sierra Club, it is unclear from EPA's papers whether the agency contends (1) that this Court actually lacks jurisdiction, or (2) that this Court has jurisdiction, but should defer to the ancillary jurisdiction of the court of appeals.  Initially, EPA asserts that this Court lacks jurisdiction over Sierra Club's complaint because "review of the Delay Notice lies in the exclusive jurisdiction of the United States Court of Appeals for the D.C. Circuit."  Mot. at 1.  Aside from that conclusory assertion, however, EPA in fact never argues in its papers that this Court lacks jurisdiction.  Rather, EPA's position in its papers is that judicial review of the Delay Notice is "within the ancillary

jurisdiction of the D.C. Circuit," id. at 5, and that this Court "should defer to the D.C. Circuit's ancillary jurisdiction, instead of accepting Sierra Club's invitation to proceed under federal question jurisdiction." Id. at 7.  When pressed to clarify EPA's position during oral argument, counsel for EPA relied primarily on the agency's ancillary jurisdiction argument, but ultimately also asserted that the Clean Air Act divests this Court of jurisdiction over Sierra Club's complaint.

The Court disagrees with EPA.  First and foremost, the Clean Air Act does not divest this Court of jurisdiction to review a challenge to the Delay Notice, a final agency action taken under the APA.  Thus, this Court has jurisdiction over Sierra Club's complaint under the federal question statute.  Furthermore, there is no basis for this Court to defer to any purported ancillary jurisdiction that the court of appeals' may have over this case.  EPA's motion to dismiss therefore is denied.

### A.  The Administrative Procedure Act and the Federal Question Statute

The APA provides a cause of action to a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action," unless another statute "that grants consent to suit expressly or impliedly forbids the relief which is sought."  5 U.S.C. § 702. It is established that the APA is "not a jurisdiction-conferring statute."  Oryszak v. Sullivan, 576 F.3d 552, 524 (D.C. Cir. 2009) (internal quotations and citation omitted).  Rather, in cases arising under the APA, subject matter jurisdiction comes from the federal question statute, 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C.

§ 1331; see, e.g., Beshir v. Holder, Civil Action No. 10-0652, 2011 WL 204798, at *7 (D.D.C.

Jan. 24, 2011) ("[W]hile the APA alone does not provide a jurisdictional basis for this court to

review administrative action (or inaction), jurisdiction is appropriate when the APA is considered

together with 28 U.S.C. § 1331[.]") (citing Califano v. Sanders, 430 U.S. 99, 107 (1977)).

District courts therefore have jurisdiction to "review administrative action under the federal

question statute . . . , when Congress has not specifically prescribed another review route or

precluded review."  Fox v. Clinton, 751 F. Supp. 2d 122, 127 (D.D.C. 2010).

### B.  The Clean Air Act: An Unusual, Bifurcated Jurisdictional Scheme

As the court of appeals has recognized, the Clean Air Act contains an "unusual,

bifurcated jurisdictional scheme" that divides jurisdiction between the federal district and circuit

courts.  Sierra Club v. Thomas, 828 F.2d 783, 794 (D.C. Cir. 1987).  Under the Clean Air Act, "a

person may bring suit in district court against the Administrator of EPA for failure to perform a

nondiscretionary act or duty."  Environmental Def. v. Leavitt, 329 F. Supp. 2d 55, 63 (D.D.C.

2004) (citing 42 U.S.C. § 7604(a)(2)).  That "citizen-suit provision provides the district court

with limited but exclusive jurisdiction to order the Administrator to perform nondiscretionary

duties."  Id. (citing 42 U.S.C. § 7604(a)(2)).  Specifically, the district court "may compel EPA 'to

perform purely ministerial acts, [but may not] order [EPA] to make particular judgmental

decisions.'"  Id. (quoting N.Y. Public Interest Research Group, Inc. v. Whitman, 214 F. Supp. 2d

1, 3 (D.D.C. 2002)) (alternation in original).[4]

---

[4]     The Clean Air Act's citizen-suit provision was the basis for this Court's
jurisdiction in Sierra Club v. Jackson, Civil Action No. 01-1537.  See Sierra Club v. Johnson,
444 F. Supp. 2d at 52 (citing 42 U.S.C. § 7604(a)(2)).

"In contrast, judicial review of final action by the EPA Administrator rests exclusively in the appellate courts." Environmental Def. v. Leavitt, 329 F. Supp. 2d at 63 (citing 42 U.S.C. § 7607(b)(1)). Congress has granted the United States Court of Appeals for the District of Columbia Circuit exclusive jurisdiction to review "any . . . nationally applicable regulations promulgated, or final action taken, by the Administrator under [the Clean Air Act.]" 42 U.S.C. § 7607(b)(1); see Sierra Club v. Johnson, 444 F. Supp. 2d at 60; see also Royster-Clark Agribusiness, Inc. v. Johnson, 391 F. Supp. 2d 21, 26 (D.D.C. 2005).

## IV.  EPA'S MOTION TO DISMISS

EPA acknowledges, as it must, that the Delay Notice "was issued under the APA, rather than the Clean Air Act[.]" Mot. at 6-7; see 76 FED. REG. at 28,663-64. EPA further acknowledges that "[a]s a general matter" jurisdiction over an action under the APA would lie in the district courts. Mot. at 6; see Reply at 3 n.1. EPA's primary argument in its motion to dismiss, however, is that because the Delay Notice "grow[s] out of" the petitions for review of the Boiler Rule and CISWI Rule in the court of appeals, this matter "is properly within the D.C. Circuit's ancillary jurisdiction." Mot. at 7 (internal quotations omitted) (alteration in original). According to EPA, this Court therefore should "defer" to the court of appeals' ancillary jurisdiction, a "particularly appropriate" decision in this case "because judicial review of the Delay Notice could involve at least some consideration of substantive issues . . . that are within the exclusive jurisdiction of the D.C. Circuit." Id.

Intervenors filed a brief in support of EPA's argument, agreeing with EPA that this Court should defer to the court of appeals' ancillary jurisdiction, but arguing further that the

Clean Air Act actually divests this Court of jurisdiction over this case.  See Intervenors'

Response at 1-2.  During oral argument, EPA ultimately adopted this same argument, asserting

that Sections 307(b)(1) and 307(d) of the Clean Air Act provide that the court of appeals has

exclusive jurisdiction over review of the Delay Notice.

     First, the Court will address EPA's and Intervenors' argument that the Clean Air

Act divests this Court of jurisdiction over this case.  Having concluded that it does not, the Court

then disposes of EPA's remaining arguments.

### A.  Sections 307(b)(1) and 307(d) of the Clean Air Act

     "[F]ederal courts are vested with a virtually unflagging obligation to exercise the

jurisdiction given to them."  Hettinga v. United States, 560 F.3d 498, 506 (D.C. Cir. 2009)

(internal quotations omitted).  Whether initial subject matter jurisdiction lies in the district courts

or in the courts of appeals "must of course be governed by the intent of Congress and not by any

views . . . about sound policy."  Florida Power & Light Co. v. Lorion, 470 U.S. 729, 746 (1985);

see General Elec. Uranium Mgmt. Corp. v. U.S. Department of Energy, 764 F.2d 896, 903 (D.C.

Cir. 1985) ("[W]e do not rely on factors of policy in lieu of statutory construction" in resolving

the question of subject matter jurisdiction.).

     In the specific context of agency review, "[t]he normal default rule is that persons

seeking review of agency action go first to district court rather than a court of appeals."  Micei

Int'l v. Department of Commerce, 613 F.3d 1147, 1151 (D.C. Cir. 2010) (internal quotations

omitted).  "[O]nly when a direct-review statute specifically gives the court of appeals

subject-matter jurisdiction to directly review agency action may a party seek initial review in an

11

appellate court."  Id. (internal quotations omitted).  Conversely, "where a regulation is not based

on a statutory provision vesting exclusive jurisdiction in the court of appeals, jurisdiction lies in

the district courts."  In re Natural Res. Def. Council, 645 F.3d 400, 404-05 (D.C. Cir. 2011).[5]

       Section 307(b)(1) of the Clean Air Act is a statute that vests exclusive jurisdiction

in the court of appeals.  42 U.S.C. § 7607(b)(1).  It provides, among other things, that a petition

for review of "any . . . nationally applicable regulations promulgated, or final action taken, by the

Administrator under [the Clean Air Act] may be filed only in the United States Court of Appeals

for the District of Columbia [Circuit]."  Id.  Both sides agree that this Court plainly would lack

jurisdiction over Sierra Club's complaint if the Delay Notice constituted a final action taken

under the Clean Air Act.  In issuing the Delay Notice, however, EPA made explicit that it was

not acting under the Clean Air Act: the agency was acting "pursuant to the APA, rather than . . .

the Clean Air Act."  76 FED. REG. at 28,663 (emphasis added); see also id. at 28,664 ("[I]t is

reasonable for the EPA to exercise its authority to delay the effective dates of the [Boiler Rule]

and the CISWI Rule under the APA for a period that exceeds three months.") (emphasis added).

Where a case arises under the APA, subject matter jurisdiction comes from the federal question

statute, 28 U.S.C. § 1331, which unambiguously confers jurisdiction to review such a case on

"[t]he district courts."  28 U.S.C. § 1331 (emphasis added); see, e.g., Beshir v. Holder, 2011 WL

204798, at *7.

---

[5]       The "the only exception" to this rule "is when the final agency action will be
exclusively reviewable in the courts of appeals and the court is acting to protect its future
jurisdiction."  In re Natural Res. Def. Council, 645 F.3d at 405.  As discussed below, see
Part IV(D), this narrow exception does not apply.

Intervenors, and ultimately EPA, attempt to navigate their way around judicial review in this Court under the APA and the federal question statute by claiming that "when EPA promulgated the stays at issue . . . , it was acting at one level under the authority of section 705 [of the APA], but at a deeper level also under the authority of section 307(d) [of the Clean Air Act]." Intervenors' Response at 7.  The basis for this argument appears to be the following: The rulemaking subsection of the Clean Air Act, Section 307(d), states that certain rulemaking provisions of the APA, as well as the APA's scope-of-review standard, do not apply to the rulemaking subsection of the Clean Air Act.  See 42 U.S.C. § 7607(d)(1).  Specifically, Section 307(d) of the Clean Air Act states: "The provisions of section 553 through 557 and section 706 of Title 5 shall not, except as expressly provided in this subsection, apply to actions to which this subsection applies."  42 U.S.C. § 7607(d)(1).  Because Section 307(d) of the Clean Air Act does not mention 5 U.S.C. § 705, Intervenors and EPA conclude: (1) the Clean Air Act does not proscribe EPA from using 5 U.S.C. § 705 to stay the effectiveness of rules issued under the Clean Air Act; thus (2) EPA's authority to use 5 U.S.C. § 705 to stay the Boiler Rule and CISWI Rule comes from the Clean Air Act, which (3) renders the Delay Notice, a stay issued under 5 U.S.C. § 705, "at a deeper level" a final action under Section 307(b)(1) of the Clean Air Act subject to the exclusive jurisdiction of the court of appeals.  Intervenors' Response at 7.  According to EPA and Intervenors, "[b]ecause section 307(d) is obviously part of the [Clean Air Act], EPA was acting 'under' the authority of the [Clean Air Act] within the meaning of section 307(b)(1)" when it issued the Delay Notice.  Id.

Assuming for the moment that the Clean Air Act does not proscribe EPA from using the APA to stay rules pending judicial review — a contested issue raised in the parties'

13

summary judgment papers — that does not convert a stay under the APA into a stay under the Clean Air Act.  While EPA may have the discretion to decide whether to stay a rule under either the Clean Air Act or the APA, it must suffer the jurisdictional consequences of that decision.  By its terms, the Clean Air Act provides the court of appeals with exclusive jurisdiction only to review actions taken under the Clean Air Act.  See 42 U.S.C. 7607(b)(1).  Here, EPA specifically invoked the APA to avoid the three-month limitation on stays issued under the Clean Air Act. 76 FED. REG. at 28,664 ("[I]t is reasonable for the EPA to exercise its authority to delay the effective dates of the [Boiler Rule] and the CISWI Rule *under the APA for a period that exceeds three months*.") (emphasis added).  Compare 42 U.S.C. § 7607(d)(7)(B) ("The effectiveness of the rule may be stayed during . . . reconsideration . . . by the Administrator or the court for a period *not to exceed three months*.") (emphasis added).  EPA cannot now claim that the Delay Notice — an action under the APA for the purpose of overcoming an express limitation under the Clean Air Act — ultimately is an action under the Clean Air Act.

"Congress, acting within its constitutional powers, may freely choose the court in which judicial review of agency decisions may occur."  Micei Int'l v. Department of Commerce, 613 F.3d at 1151 (internal quotations omitted).  Congress' choice regarding review of agency action under 5 U.S.C. § 705 is plain: jurisdiction lies in this Court, rather than the court of appeals.  See 28 U.S.C. § 1331.  The Delay Notice, in both form and effect, is an action under the authority of the APA, not the Clean Air Act, and thus the Clean Air Act does not divest this Court of its jurisdiction under the federal question statute.  Where, as here, "a regulation is not based on a statutory provision vesting exclusive jurisdiction in the court of appeals, jurisdiction lies in the district courts[.]"  In re Natural Res. Def. Council, 645 F.3d at 405.

14

### B.  Ancillary Jurisdiction

As discussed, EPA's primary argument is not one of exclusive jurisdiction but rather ancillary jurisdiction.  EPA argues that this case raises questions ancillary to, or growing out of, the main action in the court of appeals — that is, the petitions for review of the Boiler Rule and the CISWI Rule — and thus this Court should "defer to the D.C. Circuit's ancillary jurisdiction[.]"  Mot. at 7.  Even assuming that the court of appeals would have such jurisdiction and would invoke such jurisdiction, the Court cannot rely on the doctrine of ancillary jurisdiction where, as here, the intent of Congress is clear.

The doctrine of ancillary jurisdiction arises from the principle that bifurcated jurisdiction between federal district courts and courts of appeals over identical litigation is not favored.  See Oljato Chapter of Navajo Tribe v. Train, 515 F.2d 654, 660 (D.C. Cir. 1975)).  The Supreme Court has invoked ancillary jurisdiction "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent . . . ; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994).  As EPA acknowledges, ancillary jurisdiction can be invoked only "in the absence of specific evidence of contrary congressional intent[.]"  Florida Power & Light Co. v. U.S. Nuclear Regulatory Comm'n, 470 U.S. at 743; see Mot. at 6; Opp. at 11.

EPA appears to argue that the relevant statutory scheme is unclear whether jurisdiction to review the Delay Notice is in this Court or in the court of appeals.  See Mot. at 5-7.  Pointing to the text of 5 U.S.C. § 705, EPA claims that the second sentence of that

provision supports it conclusion that review of the Delay Notice should take place in the court of appeals, because it shows that Congress has not unambiguously prescribed which court should review this action.  Id. at 8-9.

> In full, 5 U.S.C. § 705 provides:
>
> [1] When an agency finds that justice so requires, it may postpone the effective date of action taken by it, pending judicial review.
>
> [2] On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

5 U.S.C. § 705.  EPA states: "Although section 705 authorizes the agencies to postpone the effective date of a rule pending judicial review, the statute does not specify which court should review such an action.  The second sentence of section 705, however, authorizes the court with jurisdiction to review the rule to postpone the effective date of the rule."  Mot. at 8-9.  Thus, according to EPA, because 5 U.S.C. § 705 does not specify whether this Court or the court of appeals should review agency stays under that provision, the Court should infer that Congress intended such review to take place in the court of appeals.  See id.

The Court disagrees.  The statutory scheme for review of agency stays issued under the APA leaves no ambiguity.  Although EPA correctly points out that the APA does not say which court should review administrative stays under 5 U.S.C. § 705, it is established that the APA is not a jurisdiction-conferring statute.  Oryszak v. Sullivan, 576 F.3d at 524.  The provision conferring jurisdiction to review agency stays issued under 5 U.S.C. § 705 is the

federal question statute in which Congress unambiguously conferred such jurisdiction on "[t]he district courts."  28 U.S.C. § 1331.  Thus, because EPA chose to issue its stay under the APA, Congress has made clear that this Court has jurisdiction over this case, and ancillary jurisdiction does not apply.  See Florida Power & Light Co. v. U.S. Nuclear Regulatory Comm'n, 470 U.S. at 743.

### C.  Substantive Overlap

In the context of its ancillary jurisdiction argument, EPA asserts that to resolve this case, the Court "could have to address some issues pertaining to the substance of [the Boiler Rule and the CISWI Rule.]"  Reply at 4.  Substantive review of the Boiler Rule and CISWI Rule, however, is a matter reserved for the exclusive jurisdiction of the court of appeals.  See 42 U.S.C. § 7607(b)(1); see also Sierra Club v. Johnson, 444 F. Supp. 2d at 60.  EPA therefore argues that because judicial review of the Delay Notice in this Court "could involve at least some consideration of substantive issues in the Boiler and CISWI rulemakings that are within the exclusive jurisdiction of the D.C. Circuit," this Court should defer to the court of appeals' ancillary jurisdiction.  Mot. at 7.

Sierra Club's complaint makes three independent claims: (1) EPA failed to provide notice or an opportunity for comment before issuing the Delay Notice, Compl. ¶¶ 33-36; (2) EPA's authority to stay the effectiveness of the Boiler Rule and the CISWI Rule is expressly limited by the Clean Air Act, and EPA's Delay Notice violates that express limitation, see id. ¶¶ 37-43; and (3) EPA failed to provide adequate justification for the issuance of the Delay Notice, id. ¶¶ 44-47.

17

The first two claims present discrete legal questions that do not involve any substantive overlap with the petitions for review of the Boiler Rule and the CISWI Rule. Although the third claim *may* present some substantive overlap with the court of appeals, any such overlap would not create a jurisdictional problem. Indeed, the same substantive overlap is inherent in the "unusual, bifurcated jurisdictional scheme" that divides jurisdiction under the Clean Air Act between the federal district and circuit courts. Sierra Club v. Thomas, 828 F.2d at 794.

As discussed, Sierra Club's third claim is that EPA failed to justify the issuance of the Delay Notice. See Compl. ¶ 44-47. Under 5 U.S.C. § 705, an agency may postpone the effective date of a rule when it finds that "justice so requires." 5 U.S.C. § 705. To the extent that this "justice" standard requires that the Court assess the substantive quality of EPA's Boiler Rule and CISWI Rule, the Court can do so without interfering with the court of appeals' exclusive jurisdiction by employing the same framework utilized in Sierra Club v. Jackson, 2011 WL 181097. There, the question for the Court was whether EPA had met its heavy burden of demonstrating that it would be impossible to promulgate substantively adequate Clean Air Act regulations by the Court's January 2011 deadline. As the Court explained:

> Answering this question presents a complication . . . : the Clean Air Act "'does not allow district courts to address the content of EPA's conduct'" or "'issue substantive determinations of its own'" on promulgated regulations. Sierra Club v. Johnson, 444 F. Supp. 2d at 60 (quoting Sierra Club v. Browner, 130 F. Supp. 2d 78, 90 (D.D.C. 2001)). "[S]uch substantive judicial review is expressly reserved for the appropriate court of appeals." Sierra Club v. Browner, 130 F. Supp. 2d at 90. Since the Court cannot "embroil [itself] in an assessment of the substance of EPA's actions or omissions," id. at 90, the Court must be cautious where, as here, EPA's motion for an extension of time focuses, in part, on the

18

substantive quality of its rules.  The only way for this Court
simultaneously to comply with 42 U.S.C. § 7607(b) and the court
of appeals' guidelines in NRDC v. Train[, 510 F.2d 692 (D.C. Cir.
1974)] is to give deference to EPA's ultimate conclusion on the
substantive merit of its rules.

Sierra Club v. Jackson, 2011 WL 181097, at *7.  If, in resolving Sierra Club's third claim, this

Court is called upon to address matters relating to the substantive quality of EPA's Boiler Rule

and CISWI Rule, see Mot. at 7-8; Intervenors' Response at 12-13; Reply at 4, the Court will give

deference to EPA's "ultimate conclusion on the substantive merit of its rules."  Id.[6]

### D.   TRAC Jurisdiction

Finally, EPA argues, primarily in its reply papers and during oral argument, that

jurisdiction exists in the court of appeals under its decision in Telecommunications Research

& Action Center v. FCC ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984).  According to EPA,

jurisdiction exists in that court under TRAC because this Court's decision on the validity of the

Delay Notice "could impact" the pending petitions for review.  Reply at 5.

TRAC is inapposite.  In TRAC, the court of appeals was asked to decide whether

the district court had jurisdiction to compel the FCC to rule on certain matters that were pending

for an unreasonably long time.  See TRAC, 750 F.2d at 72-74.  By statute, judicial review of the

FCC's final action was available only in the court of appeals.  Id. at 75.  The court of appeals

held: "[W]here a statute commits review of agency action to the Court of Appeals, any suit

seeking relief that might affect the Circuit Court's future jurisdiction is subject to exclusive

review in the Court of Appeals."  Id. at 78-79; see also American Farm Bureau v. U.S. EPA,

---

[6]     The Court need only reach this third claim if the Court concludes that Sierra
Club's first and second claims lack merit.

121 F. Supp. 2d 84, 91 (D.D.C. 2000) (discussing TRAC).  "Because unreasonable agency delay

could . . . defeat appellate review of final agency orders, the TRAC court reasoned that the court

of appeals had exclusive jurisdiction to hear suits seeking relief that might affect the circuit

court's future jurisdiction, even where the agency had not issued a final order."  American Farm

Bureau v. U.S. EPA, 121 F. Supp. 2d at 91; see also McGinn, Smith & Co. v. Financial Indus.

Regulatory Auth., Civil Action No. 11-0825, 2011 WL 1833242, at *5 (D.D.C. May 15, 2011).

TRAC therefore applies only "when [1] the final agency action will be exclusively

reviewable in the court of appeals *and* [2] the court is acting to protect its future jurisdiction."

In re Natural Res. Def. Council, 645 F.3d at 405 (emphasis added); see Sierra Club v. Thomas,

828 F.2d at 790 ("TRAC, by its own terms, applies only in situations where a statute commits

review of agency action to the Court of Appeals and thus where interlocutory review of an

unreasonable delay claim is necessary to protect [the Court of Appeals'] prospective

jurisdiction.") (internal quotations omitted); TRAC, 750 F.2d at 76 ("Because the statutory

obligation of a Court of Appeals to review on the merits may be defeated by an agency that fails

to resolve disputes, a Circuit Court may resolve claims of unreasonable delay in order to protect

its future jurisdiction.").  As the court of appeals recently cautioned, exclusive jurisdiction in the

court of appeals under TRAC is a "narrow exception . . . . not properly extended to cases where

the basis of prospective jurisdiction is a speculative chain of events."  In re Natural Res. Def.

Council, 645 F.3d at 405 (internal quotations omitted).

The first TRAC prong is met in this case: the final agency actions — that is, the

Boiler Rule and the CISWI Rule — are exclusively reviewable in the court of appeals.  The

second TRAC prong, however, does not apply because nothing that happens here will affect the

court of appeals' jurisdiction over the pending petitions for review of the Boiler Rule and the

CISWI Rule.  Thus, there is no need for the court of appeals to protect its jurisdiction.

## V.  CONCLUSION

Embracing what she called the "now-infamous 'duck test,'" Judge Patricia Wald once said: "WHEREAS it looks like a duck, and WHEREAS it walks like a duck, and WHEREAS it quacks like a duck, WE THEREFORE HOLD that it is a duck." Dole v. Williams Enterprises, Inc., 876 F.2d 186, 188 n.2 (D.C. Cir. 1989) (emphasis in original).  EPA acted, by its own admission, under the Administrative Procedure Act in issuing the Delay Notice, rather than under the Clean Air Act.  It did so because the APA's administrative stay provision gave EPA more flexibility than the Clean Air Act, the latter's stay provision being expressly limited to a maximum of three months, a time that has since passed in this case.  But in its motion to dismiss, EPA asks this Court to conclude that the agency in fact acted under the Clean Air Act — the very Act that the agency expressly denied invoking in issuing the Delay Notice.  In short, whereas EPA invoked the APA, and whereas EPA relied on the authority of the APA to overcome a limitation in the Clean Air Act, and whereas EPA disclaimed reliance on the Clean Air Act, the Court therefore holds that the Delay Notice was issued under the APA, not the Clean Air Act.  Because EPA's Delay Notice was issued under the APA, it is subject to judicial review in this Court under 28 U.S.C. § 1331.

For the foregoing reasons, it is hereby

ORDERED that EPA's motion to dismiss for lack of subject matter jurisdiction [Dkt. No. 12] is DENIED.

SO ORDERED.

/s/
_____
PAUL L. FRIEDMAN

DATE:  September 27, 2011                    United States District Judge

21