UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIERRA CLUB, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 11-1278 (PLF) |
| LISA P. JACKSON, Administrator, U.S. Environmental Protection Agency, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' cross-motions for summary judgment on Sierra Club's three claims for relief. The Court finds insufficient the parties' briefing on Sierra Club's first claim and therefore will order the parties to file supplemental memoranda.

On January 20, 2011, the Court ordered the Environmental Protection Agency to promulgate long-overdue emission standards under the Clean Air Act by February 21, 2011. Sierra Club v. Jackson, Civil Action No. 01-1537, 2011 WL 181097, at *14 (D.D.C. Jan. 20, 2011). In accordance with that order, on February 21, 2011, EPA signed two rules regulating emission standards: the "Boiler Rule"; and the "CISWI Rule." Sierra Club v. Jackson, Civil Action No. 11-1278, 2011 WL 4448610, at *2 (D.D.C. Sept. 27, 2011). But then, two days before these rules were to go into effect, EPA issued what the agency refers to as the "Delay Notice," staying the effective date of both rules "until the proceedings for judicial review of these rules [in the court of appeals] are complete or the EPA completes its reconsideration of the rules, whichever is earlier." 76 Fed. Reg. 28,662, at 28,664 (May 18, 2011).

Sierra Club filed this lawsuit to challenge the validity of EPA's Delay Notice. See generally Compl. In its complaint, Sierra Club contends that EPA's Delay Notice is unlawful for three independent reasons: (1) EPA failed to provide notice or an opportunity for comment before issuing the Delay Notice, Compl. ¶¶ 33-36; (2) EPA lacked the statutory authority to issue the Delay Notice, id. ¶¶ 37-43; and (3) EPA failed to provide adequate justification for the Delay Notice. Id. ¶¶ 44-47.

In response, EPA filed a motion to dismiss Sierra Club's complaint for lack of subject matter jurisdiction. On September 27, 2011, the Court denied EPA's motion to dismiss. Because EPA issued the Delay Notice under the Administrative Procedure Act rather than the Clean Air Act, the Court held that it had jurisdiction to review Sierra Club's complaint pursuant to the federal question statute, 28 U.S.C. § 1331. See Sierra Club v. Jackson, 2011 WL 4448610, at *6-11. The parties now have briefed cross-motions for summary judgment on Sierra Club's three claims.

The question presented by Sierra Club's first claim is whether the Delay Notice is a rule that is subject to notice and comment requirements. Sierra Club asserts that the Delay Notice operates as a stay of the Boiler Rule and the CISWI Rule for the purpose of allowing EPA itself to reconsider those rules. See PMSJ Reply at 15 [Dkt. No. 25] ("[T]he Indefinite Stay is decisively a stay pending reconsideration."). Thus, relying on Environmental Defense Fund v. Gorsuch, 713 F.2d 802 (D.C. Cir. 1983), Sierra Club argues that the Delay Notice is subject to rulemaking requirements — including notice and comment — because it has the effect of *indefinitely* suspending two duly promulgated Clean Air Act regulations. PMSJ Reply at 5 (citing Environmental Defense Fund v. Gorsuch, 713 F.2d at 815-17).

In contrast, EPA contends that Environmental Defense Fund v. Gorsuch is inapposite because the Delay Notice "is only a procedural device that *temporarily* maintains the status quo" pending judicial review. DMSJ Reply at 4 [Dkt. No. 35] (emphasis added); see DMSJ at 12 [Dkt. No. 20]. Therefore, EPA says, the rulemaking requirements of notice and comment are not applicable to the Delay Notice. See DMSJ Reply at 4.

The question, however, is not the length of the stay or its temporary nature, see Public Citizen v. Steed, 733 F.2d 93, 98 (D.C. Cir. 1984); Council of S. Mountains, Inc. v. Donovan, 653 F.2d 573, 582 (D.C. Cir. 1981), but rather whether a suspension or delayed implementation of a final regulation constitutes substantive rulemaking. The case law suggests that normally it does. See Environmental Defense Fund v. EPA, 716 F.2d 915, 920 (D.C. Cir. 1983) (citing Environmental Defense Fund v. Gorsuch, 713 F.2d at 816; NRDC v. U.S. EPA, 683 F.2d 752, 761 (3d Cir. 1982); and Council of S. Mountains, Inc. v. Donovan, 653 F.2d at 580 n.28); Ranchers Cattlemen Action Legal Fund v. U.S. Department of Agric., 566 F. Supp. 2d 995, 1004 (D.S.D. 2008); see also Public Citizen v. Deparment of Health & Human Servs., 671 F.2d 518, 520 (D.C. Cir. 1981) (Edwards, J., dissenting) ("Certainly a decision to suspend indefinitely regulations that are the product of exhaustive study and comprehensive rulemaking, in order to allow a wholesale reevaluation of a major regulatory program, cannot be viewed as a temporary measure for preserving the status quo."). Consequently, that type of agency action normally requires notice and an opportunity for comment. See, e.g., Environmental Defense Fund v. Gorsuch, 713 F.2d at 818.

In NRDC v. Abraham, 355 F.3d 179 (2d Cir. 2004), a case that neither side cited, the United States Court of Appeals for the Second Circuit provides a possible answer to why a

3

suspension or delayed implementation of a rule normally constitutes a substantive rulemaking requiring notice and an opportunity for comment: because "altering the effective date of a duly promulgated standard could be, in substance, tantamount to an amendment or rescission of the [rule.]" NRDC v. Abraham, 355 F.3d at 194; see also Public Citizen v. Steed, 733 F.2d at 98 (holding that agency's suspension of rule was "a paradigm of a revocation," constituting "a 180 degree reversal of [the agency's] former views as to the proper course") (internal quotations and citation omitted); NRDC v. U.S. EPA, 683 F.2d at 763 n.23 ("[A]n indefinite postponement which is never terminated is tantamount to a revocation."). But if a suspension or delayed implementation constitutes a substantive rulemaking for the reason stated by NRDC v. Abraham, then the question arises why, at least under the Clean Air Act, any challenge to such a rule — including a challenge regarding the requirements of notice and comment — should not be raised in the court of appeals rather than in this Court?

Therefore, in view of NRDC v. Abraham, as well as other authority, the Court finds that it would be helpful to have supplemental briefing on the following questions:

(1)  Is it Sierra Club's position that the Delay Notice is a rule because it operates as an amendment or rescission of the Boiler Rule and the CISWI Rule?

(2)  If so, then why does Sierra Club's first claim not fall within the court of appeals' exclusive jurisdiction under 42 U.S.C. § 7607(b)(1) to review an amendment or rescission of the Boiler Rule and the CISWI Rule?

(3)  If not, then on what authority does Sierra Club rely for the proposition that EPA was required to provide notice and an opportunity for comment before issuing the Delay Notice?

Accordingly, it is hereby

ORDERED that Sierra Club shall file a supplemental memorandum addressing the questions described above by October 19, 2011; EPA shall file a response by October 24, 2011; and Sierra Club shall file a reply, if any, by October 27, 2011.

SO ORDERED.

DATE:  October 13, 2011

/s/
PAUL L. FRIEDMAN
United States District Judge