**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SIERRA CLUB, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.  11-1278-PLF |
| | ) |
| LISA P. JACKSON, Administrator | ) |
| U.S. Environmental Protection Agency, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**SIERRA CLUB'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO OCTOBER 13, 2011 ORDER**

Sierra Club respectfully submits this supplemental memorandum addressing the question raised in this Court's October 13, 2011 Memorandum Opinion and Order.  For the reasons given in more detail below, Sierra Club's answers to these questions are:

(1) EPA's Delay Notice[1] is neither an amendment nor a rescission of the delayed rules. 76 Fed. Reg. 28,662 (May 18, 2011). The Delay Notice is a stay of those rules pending the agency's reconsideration proceedings, the length of which is made indefinite by the absence of any deadline for the conclusion of those proceedings.

(2) Although the Delay Notice is neither an amendment nor a rescission of the Boiler and CISWI rules, the D.C. Circuit would not have jurisdiction to review the Delay Notice even if it were an amendment or rescission. The D.C. Circuit's jurisdiction depends upon the *authority* under which EPA acts (in contrast to the rule-making requirements of the Administrative Procedure Act, which depend upon the *effects* of an agency action). Section 307 of the Clean Air

---

[1] For clarity's sake, this brief uses the short forms in the Court's order.

Act gives the D.C. Circuit jurisdiction only to review agency actions taken "under" the Act. 42 U.S.C. § 7607(b)(1). *See Natural Resources Def. Council v. Abraham,* 355 F.3d 179, 193 (2d Cir. 2004) (holding that court of appeals' jurisdiction under similar statutory provision depends upon whether agency action is taken pursuant to statutory "grant of authority"). Whatever its effect on the Boiler and CISWI rules might be, the Delay Notice is not an action taken under the authority of the Clean Air Act, but rather one taken under Administrative Procedure Act § 705. 76 Fed. Reg. at 28,664. *See Sierra Club v. Jackson,* Opinion and Order at 7-8 (Sept. 27, 2011).

   (3)   The Delay Notice need not amend or rescind a Clean Air Act rule to trigger the APA's procedural requirements. Those requirements apply to any "statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy," 5 U.S.C. § 551(4). An action can meet that standard by temporarily suspending, rather than amending or rescinding, a prior rule. "The application of APA rulemaking requirements to an agency action depends on 'whether the agency action jeopardizes the rights and interests of parties, for if it does, it must be subject to public comment prior to taking effect.'" *Environmental Def. Fund v. Gorsuch,* 713 F.2d 802, 815 (D.C. Cir. 1983) (rulemaking requirements apply to action that temporarily postpones rule (quoting *Batterton v. Marshall,* 648 F.2d 694, 708 (D.C. Cir. 1980)).  Although the Delay Notice does not permanently revoke or amend the Boilers and CISWI rules, it postpones – for an indefinite period of time – the effectiveness of rules covering thousands of boilers and incinerators. It thereby jeopardizes Sierra Club members' right to a timely reduction of boilers' and incinerators' toxic emissions, triggering the APA's notice and comment requirements.

## I.   THE DELAY NOTICE IS A STAY PENDING RECONSIDERATION, AND DOES NOT OPERATE AS A RESCISSION OR AMENDMENT.

### A.   The Delay Notice Is a Stay Pending Reconsideration.

The Delay Notice is, in its function and its rationale, a stay pending reconsideration. Functionally, it operates as a stay: a temporary suspension, "postponing the effectiveness" of EPA's air toxics standards for Industrial Boilers and Commercial and Industrial Solid Waste Incinerators. 76 Fed. Reg. at 28,664. That suspension (or stay) will end only when EPA completes its reconsideration proceedings. *Id.* (postponing standards "until the proceedings for judicial review of these rules are complete or EPA completes its reconsideration of the rules, whichever is earlier").[2]   And EPA's rationales for the stay are based entirely on its decision to commence reconsideration proceedings. *Id.* at 28,663.[3]

Because the law imposes no deadline for the completion of EPA's reconsideration proceedings, the stay will last as long as EPA wishes to prolong those proceedings. EPA can (and often does) extend its reconsideration proceedings for years. Although the delay is thus indefinite in duration, the Delay Notice does not rescind or amend the Boilers and CISWI rules. The Delay Notice's function and purpose are well-defined, and not consistent with either an amendment or a rescission: the Delay Notice temporarily relieves industry from the burdens (and deprives the public of the benefits) associated with rules which may be changed as a result of

---

[2] Although EPA included in its notice a recital that the stay could end at the completion of judicial review, it has held judicial review in abeyance until its reconsideration is complete. As a result, the stay can only end when EPA ends its reconsideration.

[3] EPA, as well as Sierra Club, should state whether it believes Delay Notice "operates as an amendment or rescission of the Boiler Rule and the CISWI Rule," Memorandum Opinion and Order of October 13, 2011.

reconsideration. *Id.* Once the reconsideration process concludes, the stay will also conclude and the rules will take effect as written.[4]

**B.      The Delay Notice Is Not an Amendment.**

The Delay Notice is not an amendment of either the Boilers or CISWI Rule. The Delay makes no change to the substantive requirements of either rule. The Rules contain specific standards, applicable to particular sources on defined dates; existing solid-fuel industrial boilers, for example, must reduce their mercury emissions to 4.6 E-06 lb/MMbtu of heat input by "March 21, 2014." 76 Fed. Reg. 15,608, 15,665, 15,689 (March 21, 2011). The Delay Notice does not amend that substantive text. If EPA ends its reconsideration and lifts the stay (as it plans) in April 2012, existing sources will be required to meet that emission standard, by that deadline.[5]

The Delay Notice differs, in this sense, from the actions under review in *Abraham* and in *NRDC v. EPA,* 683 F.2d 752, 756-57 (3rd Cir. 1982). Here, EPA's delay of the "effective date" only suspends the effectiveness of the Industrial Boilers and CISWI rules; it does not affect either the rules' standards or their compliance dates. In both *Abraham* and *NRDC,* in contrast, the respondent agency did not just temporarily suspend the effectiveness of previously promulgated rules – it changed the substance of the rules themselves. In *Abraham*, the "effective date" of the standards in question defined the "date by which manufacturers must come into compliance,"355 F.3d at 196, as well as "whether [the agency could] thereafter amend [the] standards downward," *id.* at 205-6. By changing the effective date, EPA thus changed the

---

[4] If EPA changes the standards on reconsideration, a source may be required to meet a different standard – but any such change would be the result of EPA's reconsideration, not the Delay Notice.

[5] *See* n4*, supra.*

standards themselves. In *NRDC v. EPA*, the underlying rules provided a compliance deadline of "3 years from the [rule's] effective date" (rather than specific dates, as provided in the Boilers and CISWI rules); by changing the effective date, EPA therefore made a substantive change in the compliance deadlines contained in the underlying regulations. *Id.* It has not done so here. Neither the substance nor the compliance dates for the Industrial Boilers and CISWI rules depend upon when the rules become effective. Rather, they are written into the text of those rules (text which the Delay Notice does not re-write). 76 Fed. Reg. at 15,665, 15,689.

To the extent that the Boilers and CISWI standards impose some requirements today (for example, the Boilers Rule requires new industrial boilers to meet the standards on May 20, 2011, 76 Fed. Reg. at 15,665), the Delay Notice stays the effectiveness of those requirements during EPA's reconsideration proceedings. That stay is distinguishable from an amendment of the rules; the Clean Air Act expressly recognizes that "the effectiveness of [a] rule may be stayed during [EPA's] reconsideration," 42 U.S.C. § 7607(d)(7)(B), and that such a stay differs from "the promulgation or revision . . . of … [an] emission standard" under section 112 or 129 of the Act, 42 U.S.C. 7607(d)(1)(C)-(D). The Act also limits such stays to a maximum of three months – a limitation that the Agency has unlawfully evaded here. But in any event, a stay pending reconsideration is not an amendment or revision of a Clean Air Act standard.[6]

C.      **The Delay Notice is Not a Rescission or Revocation of the Boilers or CISWI Rules.**

The Delay Notice is not (and does not operate as) a rescission or revocation of the Boiler or CISWI rules. The D.C. Circuit defined a revocation (or rescission) in *Public Citizen v. Steed* as

---

[6] If the Delay Notice were a rescission or amendment of the Industrial Boilers or CISWI standards, however, EPA would be in violation of this Court's January 20, 2011 Order in *Sierra Club v. Jackson*, D.D.C. No. 01-1537. *See* Reply Supp. Mot. Compel at 1-2.

"a reversal of the agency's former views as to the proper course." 733 F.2d 93, 97 (D.C. Cir. 1984). In *Steed,* there were two elements to that reversal. First, the agency withdrew the standard in its entirety (through notice and comment rulemaking); to re-instate it, the agency would have had to undertake "a full notice and comment rulemaking" identical to that needed to issue an entirely new standard. *Id.* at 98. Second, the Agency presented "reasoning . . . reflect[ing] a complete reversal of [the agency's] prior position." *Steed* held, as a result, that although the Agency characterized its action as a "suspension" the action was, in reality, "a paradigm of a revocation." *Id.* at 98.

The Delay Notice differs on both counts. EPA has not withdrawn the Boiler and CISWI standards; when EPA ends its reconsideration the Boilers and CISWI standards will go into effect as written, without the need for any additional agency action or proceedings.[7] And the Agency's rationale in support of the Delay Notice does not reverse (or even address) the reasoning supporting the Boilers and CISWI rules. The Delay Notice cannot, therefore, be properly characterized as a revocation or rescission of the Standards.

## II.     THE COURT OF APPEALS' JURISDICTION UNDER SECTION 307 OF THE ACT DOES NOT DEPEND UPON THE DELAY NOTICE'S EFFECTS.

Even if the Delay Notice operated as an amendment or rescission of the Boilers and CISWI rules – which it does not – the D.C. Circuit would not have jurisdiction to review it. The Circuit's jurisdiction depends on the statutory *authority* under which EPA acts – not the *effects* of the action. The Clean Air Act authorizes the D.C. Circuit only to review actions taken "under" the Clean Air Act. 42 U.S.C. § 7607(b). It does not permit D.C. Circuit review of actions taken

---

[7]  Again, if EPA changes the Rules as a result of its reconsideration, those changes will take effect; but this would be true regardless of the Delay Notice.

under other statutes, regardless of an action's effects – even if those effects amount to an amendment or rescission of a Clean Air Act standard.[8] *See In re Natural Resources Defense Council*, 645 F.3d 400, 404-405 (D.C. Cir. 2011) ("where a regulation is not based on a statutory provision vesting exclusive jurisdiction in the court of appeals, jurisdiction lies in the district courts"); *General Elec. Uranium Mgmt. Corp. v. U.S. DOE*, 764 F.2d 896, 903 (courts rely on statutory language, not policy considerations, in deciding subject matter jurisdiction questions).

There is no question as to the *authority* by which EPA acted here: it deliberately and expressly issued the Delay Notice under the APA, rather than the Clean Air Act, 76 Fed. Reg. at 28,664. And the Clean Air Act explicitly denies EPA authority to issue the Delay Notice; it authorizes only a three month stay pending reconsideration. 42 U.S.C. §7607(d)(7)(B). Because EPA did not act pursuant to any authority contained in the Clean Air Act in issuing the Delay Notice, the Clean Air Act does not confer jurisdiction on the D.C. Circuit to review the Delay Notice. This Court therefore has jurisdiction to review the Delay Notice under the APA and the federal question statute. 5 U.S.C. § 702, 28 U.S.C. § 1331. *See Sierra Club v. Jackson,* Opinion and Order at 8 (Sept. 27, 2011); *In re NRDC*, 645 F.3d at 405.

*Abraham* does not contradict the D.C. Circuit decisions giving this Court jurisdiction. *Abraham* construed a similar statutory provision to Section 307 of the Clean Air Act, giving the Circuit exclusive review of rules prescribed "under" section 325 of the Energy Policy and Conservation Act (EPCA). 355 F.3d at 192 (quoting 42 U.S.C. § 6306(b)(1)). The Second

---

[8]  It does not matter, for purposes of the Circuit's jurisdiction under Section 307, whether or not an EPA action has rule-making effects. The Act provides for circuit jurisdiction over actions that have lesser effects, so long as they meet the statutory standard of being taken "under" EPA's Clean Air Act authority rescissions. *See, e.g., Sierra Club. v. Otter Tail Power Co.,* 615 F.3d 1008, 1020-21 (8th Cir. 2010) (noting that section 307 gives courts of appeals jurisdiction to review certain EPA permitting actions); *Sierra Club v. E.P.A.,* 499 F.3d 653, 655 (7th Cir. 2007) (undertaking direct appellate review of EPA permitting decision under section 307).

Circuit determined its jurisdiction under that language by asking whether the rules before it were "*promulgated pursuant to the powers granted* in section 325." 355 F.3d at 193 (emphasis added). Because the respondent agency (DOE) failed to provide any statutory authority for its action, the Second Circuit was forced to analyze DOE's action and the statute. Based on that analysis, it concluded that DOE's power to suspend the rule "derives, if at all, from Congress general grant of authority over home appliances to DOE in the EPCA." *Id.* at 194.  On that basis, the *Abraham* Court held that EPCA's judicial review provision granted the court of appeals exclusive jurisdiction to review DOE's action.

Here, in sharp contrast, EPA's authority for the Delay notice can "derive[], if at all" from the APA – not the Clean Air Act. *Abraham*, 355 F.3d at 194. That is true, first, because EPA has specified the statutory authority for the Delay Notice: the agency acted "pursuant to section 705 of the APA," 76 Fed. Reg. at 28,664. *See Sierra Club v. Jackson,* Opinion and Order at 14 (Sept. 27, 2011). Second, even if the court were to ignore the Agency's characterization of its authority, no analysis of its action or the statute could suggest that the Delay Notice was issued under the Clean Air Act. EPA acted under the APA precisely because the Clean Air Act does *not* provide authority for the agency's delay. *See id.* at 14, 21. The Act, by its plain text, authorizes a stay pending reconsideration for a period of no more than three months. 42 U.S.C. § 7607(d)(7)(B).[9]

---

[9] In support of its finding that it had jurisdiction to review DOE's action under EPCA, the Second Circuit also noted that in reviewing challenges to replacement standards it would potentially have to review the validity of DOE's delay of the original standards. *Abraham*, 355 F.3d at 194.  The D.C. Circuit will in no event be called upon to review the Delay Notice in the context of challenges to the Boilers and CISWI rules. Further, this Court already has found that even if it were called upon to assess the substantive quality of those rules in some sense in the present case, it "can do so without interfering with the court of appeals' exclusive jurisdiction." *See Sierra Club v. Jackson,* Opinion and Order at 18 (Sept. 27, 2011). *See also id.* at 20 ("nothing that happens here will affect the court of appeals' jurisdiction").

The district courts have jurisdiction over actions taken pursuant to the APA, while the D.C. Circuit has jurisdiction only over those actions taken under the Clean Air Act.  The Delay Notice was issued, and could only be issued, under the APA; that precludes direct D.C. Circuit jurisdiction under Clean Air Act § 307.

## III.   THE APA'S NOTICE AND COMMENT REQUIREMENTS APPLY, EVEN THOUGH THE DELAY NOTICE DOES NOT AMEND OR RESCIND THE BOILERS OR CISWI RULES.

The APA's rule-making requirements (unlike the Clean Air Act's jurisdictional provisions) depend upon the effects of an agency action, rather than the authority pursuant to which the action is taken.  The APA's requirements apply to actions that "jeopardize[] the rights and interests of parties" and regardless of the statutory authority by which the agency acts.  *Gorsuch,* 713 F.2d at 815. (applying requirements to actions taken under Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-6987).  *See also Abraham,* 355 F.3d at 206 (applying requirements to action taken under Energy Policy and Conservation Act, 42 U.S.C. §§ 6201-6422); *NRDC v. EPA,* 683 F.2d at 761-62 (applying requirements to actions taken under Clean Water Act, 33 U.S.C. 1317(b)(1)). A statute may specifically exempt certain actions from the APA's procedural requirements (as does section 307(d) of the Clean Air Act).[10] But absent such an exemption, those requirements apply to any agency action, under any statute, that affects the rights and interests of parties.

The APA's notice and comment requirements apply to actions amending (or rescinding) a prior rule, as *Abraham* holds. 355 F.3d at 179. But they also apply far more broadly, to actions with lesser (or more temporary) effects. As the D.C. Circuit has made plain repeatedly, the

---

[10] Because of this exception, where EPA issues a three month stay pending reconsideration under Section 307(d)(7)(B) of the Clean Air Act it may do so without prior notice and comment.

threshold for notice and comment requirements is very low. The definition of a rule is "broad enough 'to include nearly every statement an agency may make,'" *Center for Auto Safety v. NHTSA*, 710 F.2d 842, 846 (D.C. Cir. 1983) (*quoting Batterton*, 648 F.2d at 700), and "[a]ny claim of exemption from APA rule-making requirements 'will be narrowly construed and only reluctantly countenanced." *Gorsuch,* 713 F.2d at 816-17 (*quoting American Federation of Government Emp. v. Block,* 655 F.2d 1153, 1156 (D.C.Cir.1981) (*quoting State of New Jersey, Department of Environmental Protection v. E.P.A.,* 626 F.2d 1038, 1045 (D.C.Cir.1980))).[11]

In particular, "an agency action which has the effect of *suspending* a duly promulgated regulation is normally subject to APA rulemaking requirements." *Gorsuch*, 713 F.2d at 816 (emphasis added). *See id.* at 817-818 (notice and comment requirements applied where "effect of the decision was to *postpone* the compliance mechanisms as to an entire class of facilities") (emphasis added). *See also Kennecott Utah Copper Corp. v. EPA*, 88 F.3d 1191, 1207 (D.C. Cir. 1996) (postponement altering substantive legal obligations is rule subject to notice and comment requirements). This holds true even where the suspension is temporary, for a definite period of time, and relatively short. In *Council of Southern Mountains v. Donovan*, 653 F.2d 573 (D.C. Cir. 1981), the D.C. Circuit held that the Mine Safety and Health Administration's six-month deferral of regulations triggered the APA's notice and comment requirements, although MSHA showed good cause for dispensing with them under APA § 553(b)(B) (a provision EPA has not invoked here). *A fortiori*, it holds true here, where: (1) EPA's stay of the effective dates of the Boilers and CISWI rules has already lasted for five months; (2) EPA has stated that the

---

[11] As pointed out in Sierra Club's reply in support of summary judgment, EPA denies that the Delay Notice is a "rule" but does not contend that it is any type of rule to which notice and comment requirements do not apply. SC Reply Memo at 5-6 &n1. *See also* EPA Reply Memo at 3-4.

stay will continue at least until April 2012; and (3) there is no guarantee that the stay will not continue beyond 2012.

The Delay Notice affects the rights of both the public and industry.  Sources that otherwise would have reduced their emissions to comply with the Boilers and CISWI rules – an "entire class of facilities," *Gorsuch*, 713 F.2d at 817-818 – have not been required to do so. *See, e.g.,* 76 Fed. Reg. at 15,665 (requiring reductions from new industrial boilers).  Sierra Club members are being exposed to toxic emissions from new boilers and incinerators that would otherwise already be in compliance with the stayed standards, and they are in jeopardy of being exposed to prolonged emissions from existing boilers and incinerators that will not be prepared to meet the stayed standards by the compliance date because their owners and operators have – as a result of the Delay Notice – postponed compliance investments. As a result, although the Delay Notice operates as a stay pending reconsideration rather than a permanent rescission or amendment, the APA required EPA to provide notice and an opportunity for public comment before issuing it.


DATED:        October 19, 2011

Respectfully submitted,

/s/James S. Pew                        /s/Sanjay Narayan (with permission)
James S. Pew                           Sanjay Narayan
(D.C. Bar # 448830)                    (CA Bar # 183227 )
Earthjustice                           Sierra Club Environmental Law Program
1625 Massachusetts Avenue, NW          85 Second Street, 2nd Floor
Suite 702                              San Francisco, CA, 94105
Washington, D.C. 20036                 Phone: (415) 977-5769
Phone: (202) 667-4500                  Fax: (415) 977-5783
Fax: (202) 667-2356                    Email: Sanjay.narayan@sierraclub.org
Email: jpew@earthjustice.org           *Counsel for Sierra Club*
*Counsel for Sierra Club*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2011 I have served the foregoing **Sierra Club's Supplemental Memorandum In Response To October 13, 2011 Order** on all registered counsel through the Court's electronic filing system (ECF).


/s/ James S. Pew
James S. Pew